1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | ) | CV 14-3120 RSWL (JEMx) |
|---|---|---|
| Plaintiff, | ) | **ORDER Re: Motion for Default Judgment Against the Interests of Javier Hernandez, a.k.a. Javiera-Hernandez-Carrillo, Amalia Hernandez, Almacenes Mochicahui, S.A. de D.V., and All Other Potential Claimants [9]** |
| v. | ) | |
| $329,059.00 in United States Currency | ) | |
| Defendant. | ) | |

Plaintiff United States of America ("Plaintiff") has filed a Motion for Default Judgment Against the Interests of Javier Hernandez, a.k.a. Javier Hernandez-Carrillo, Amalia Hernandez, Almacenes Mochicahui, S.A. de D.V., and All Other Potential Claimants [9]. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

Plaintiff's Motion for Default Judgment is hereby **GRANTED.** The Court finds that Plaintiff has satisfied all procedural requirements necessary under Local Rule

1

55-1 for entry of default judgment.  First, default was entered by the Clerk of the Court against Javier Hernandez, Amalia Hernandez, Almacenes Mochicahui, S.A. de C.V., and all other potential claimants ("the potential claimants") on October 24, 2014 [8].  Second, default was entered to the Complaint filed in this proceeding.  Third, as declared by Plaintiff "on information and belief," the potential claimants are neither infants nor incompetent persons.  Rogers Decl. ¶ 13.  Fourth, as declared by Plaintiff "on information and belief," the potential claimants do not serve in the U.S. military; thus, they are not exempt under the Servicemembers Civil Relief Act.  Id. ¶ 14.  Fifth, on the date of filing, Plaintiff declared that the potential claimants were served by U.S. Mail at their last known addresses.  Id. ¶¶ 5, 8, 9.

Furthermore, the Court finds that the substantive factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) weigh in favor of granting default judgment, because: (a) there is a strong possibility of prejudice to Plaintiff the United States of America; (b) Plaintiff's case appears to be meritorious and sufficiently pleaded in the Complaint; (c) the seriousness of the crime of drug trafficking in which the currency was used merits default judgment; (d) there is a lack of dispute as to genuine fact; (e) there is a lack of apparent excusable neglect by interested parties in failing to claim currency or file

and opposition; (f) the policy reasons favor granting default judgment.

**THEREFORE, IT IS ORDERED** that:

Default judgment shall be entered against the Interests of Javier Hernandez, a.k.a. Javier Hernandez-Carrillo, Amalia Hernandez, Almacenes Mochicahui, S.A. de D.V., and All Other Potential Claimants.  As for the relief requested, the Court **GRANTS** Plaintiff's request pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) in the amount of $329,059.00.

**IT IS SO ORDERED.**

DATED: February 3, 2015

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

3